UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BYRON L. McDADE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 03-1946 (CKK) |
| | ) |
| **EXECUTIVE OFFICE FOR** | ) |
| **UNITED STATES ATTORNEYS, et al.** | ) |
| | ) |
| **Defendant.** | ) |

ANSWER OF DEFENDANT
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

Defendant Executive Office for United States Attorneys ("EOUSA"), a subcomponent of the United States Department of Justice, hereby answers plaintiff's Complaint as follows:

**FIRST DEFENSE**

Answering specifically the numbered paragraphs of the Complaint, and using the same paragraph numbering there contained, defendant EOUSA pleads as follows:

1. This paragraph contains plaintiff's characterization of this action and a statement of the relief requested, to which no response is required. To the extent that a response is deemed required, deny.

2. This statement contains plaintiff's statement of jurisdiction, to which no response is required. To the extent that a response is deemed required, admit that this Court has subject matter jurisdiction over this matter.

3. Defendant lacks information or belief sufficient to respond to the first sentence of paragraph 3, which pertains to plaintiff's residence and citizenship, and on that basis, deny. As to the second sentence, deny that any records have been improperly withheld.

4. Admit sentence one. The second sentence of this paragraph refers to another defendant; therefore, defendant EOUSA is not required to answer. To the extent that an answer to the second sentence is deemed required, deny. Admit sentence three insofar as the term "agencies" refers to defendant EOUSA.

5. Admit, insofar as the term "defendants" refers to defendant EOUSA.

6. Admit, insofar as the term "agencies" refers to defendant EOUSA.

7. In response to the allegations of paragraph 7, Defendant EOUSA admits that by letter dated April 24, 2003, it acknowledged Plaintiff's FOIA request; however, Defendant EOUSA denies that the copy of its April 24, 2003 response, attached to Plaintiff's Complaint as Exhibit 2, is a true and correct copy of Defendant EOUSA's April 24, 2003 response. Plaintiff's Exhibit 2 contains stamps and hand-written cross-outs of text that are not contained in Defendant EOUSA's copy of the April 24, 2003 letter. Except as specifically admitted, Defendant EOUSA denies the remaining allegations of paragraph 7.

8. The averments in this paragraph are directed exclusively to another defendant. To the extent that a response is deemed required, deny.

9. In response to the allegations of paragraph 9, Defendant EOUSA admits that by letter dated May 30, 2003, Plaintiff submitted an administrative appeal regarding his FOIA requests to the Office of Information and Privacy, United States Department of Justice ("OIP"). Defendant EOUSA further avers that the letter is the best evidence of its contents. Except as specifically admitted, Defendant EOUSA denies the remaining allegations of paragraph 9.

10. In response to the allegations of paragraph 10, Defendant EOUSA admits that by letter dated June 18, 2003, OIP wrote to Plaintiff acknowledging receipt of Plaintiff's administrative appeal. Defendant EOUSA further avers that the letter is the best evidence of its

contents. Except as specifically admitted, Defendant EOUSA denies the remaining allegations of paragraph 10.

11. In response to the allegations of paragraph 11, Defendant EOUSA alleges that Plaintiff has failed to pay FOIA processing fees in a timely fashion as is required by 5 U.S.C. § 552(a)(4)(A)(v) and 28 C.F.R. § 16.11(i). Defendant EOUSA alleges that by letters to Plaintiff dated January 6, 2004, and January 27, 2004, Defendant EOUSA advised Plaintiff that, pursuant to the provisions of 28 C.F.R. § 16.11(i), Plaintiff was required to forward to Defendant EOUSA an advance payment of fees in the amount of $250.00 before Defendant EOUSA would continue to process Plaintiff's FOIA request. In its January 6, 2004 letter, Defendant EOUSA advised Plaintiff how the amount of the advance payment was calculated by explaining its statutory and regulatory entitlement to fees for search time and for making copies. In its January 27, 2004, EOUSA rejected Plaintiff's request for a waiver of fees based upon the criteria set forth in 28 C.F.R. § 16.11(k). Defendant EOUSA further alleges that Plaintiff has never paid the fees set forth in EOUSA's letter of January 6, 2004.

12. This paragraph contains plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent that a response to is deemed required, deny.

13. This paragraph contains plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent that a response to is deemed required, deny.

The remainder of plaintiff's complaint contains plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed required, defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

All averments in the complaint that are not specifically admitted are hereby denied.

## SECOND DEFENSE

Plaintiff's claim for relief against Defendant EOUSA under FOIA is barred because Plaintiff has failed to pay FOIA processing fees in a timely fashion as is required by 5 U.S.C. § 552(a)(4)(A)(v); 28 C.F.R. § 16.11(i).

WHEREFORE, Defendant EOUSA requests the Court to enter a judgment dismissing the complaint against it with prejudice; and awarding it such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/
ROSCOE C. HOWARD, JR.  D.C. Bar # 246470
United States Attorney

/s/
MARK E. NAGLE, D.C. Bar # 416364
Assistant United States Attorney

/s/
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7157

Dated: January 30, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January 2004, I caused the foregoing Answer of Defendant Executive Office for United States Attorneys to be served on plaintiff via first class United States Mail:

>Byron L. McDade, plaintiff pro se
>#23830-016
>FCI Schuylkill
>P.O. Box 759
>Minersville, PA 17954

/s/
PETER D. BLUMBERG
Assistant United States Attorney
Judiciary Center Building
555 Fourth St., N.W., 10th Floor
Washington, D.C.  20001
(202) 514-5157